UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
In re HQ SUSTAINABLE MARITIME )
INDUSTRIES, INC., DERIVATIVE ) No. C11-0910RSL
LITIGATION, )
) ORDER TO SHOW CAUSE
This document relates to: )
    ALL ACTIONS )
_____)

On May 7, 2013, plaintiffs filed an unopposed "Motion for Preliminary Approval of Settlement" in the above-captioned matter. The case has been stayed since November 28, 2011.

Despite numerous assertions that the proposed settlement offers "substantial benefits" to HQ Sustainable Maritime Industries, Inc., and its shareholders, the Court has been unable to identify anything of value that will accrue to plaintiffs upon approval of this settlement. The $2.75 million payment mentioned in the papers has already been dispersed to the shareholders as part of the settlement of the related securities action, Moomjy v. HQ Sustainable Maritime Industries, Inc., C11-0726RSL. While the Court is willing to accept the theory that the pendency of the derivative actions put additional pressure on the individual defendants to settle (and possibly made available insurance proceeds that would not have been in play if only the securities claims had been pending), the fact remains that approval of the settlement currently before the Court would result in no additional benefit to the corporation or

ORDER TO SHOW CAUSE

shareholders. At the same time, the lawyers would receive a payment of $612,500.

It is hard to imagine how the proposed settlement does not run afoul of the bar against excessive compensation for attorneys, especially when the Moomjy settlement included a $495,000 attorney's fee award that was predicated on a finding that 18% of the $2.75 million settlement fund was fair and reasonable under the tests used in the Ninth Circuit. Had the settlements been coordinated and presented to the Court at the same time, the issue would have been whether an attorney's fee of over 40% of the settlement fund were reasonable, a much closer call. But not even that issue is before the Court. Instead, the settlements were structured in such a way that the Court is faced with a request to preliminarily approve a deal which provides nothing to the shareholders in the face of a sizeable attorney's fee award. Based on the existing record, the Court is unable to conclude that the proposed award is reasonable under either the "percentage-of-recovery" or lodestar analysis.

For all of the foregoing reasons, plaintiffs are hereby ORDERED TO SHOW CAUSE why the proposed settlement should not be rejected. Plaintiffs shall, within fourteen days of the date of this Order, provide any and all facts and authority that justifies approval of the settlement as currently structured. The Clerk of Court is directed to docket this Order in both the above-captioned matter and C11-726RSL and to note the Order to Show Cause on the Court's calendar for May 31, 2013.

Dated this 17th day of May, 2013.

*MMS Lasnik*

Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE                    -2-