UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re HQ SUSTAINABLE MARITIME INDUSTRIES, INC., DERIVATIVE LITIGATION,<br><br>This document relates to:<br>    ALL ACTIONS | No. C11-0910RSL<br><br>ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT |

This matter comes before the Court on plaintiffs' unopposed "Motion for Preliminary Approval of Settlement" in the above-captioned matter. Dkt. # 74. The proposed settlement resolves derivative claims brought on behalf of HQ Sustainable Maritime Industries, Inc., in this court, the Superior Court of the State of Washington, and the Delaware Court of Chancery. It is part of a global settlement designed to resolve the derivative actions and the related securities claims asserted in Moomjy v. HQ Sustainable Maritime Industries, Inc., C11-0726RSL. The federal derivative action was filed after Moomjy and has been stayed since November 28, 2011.

On March 21, 2013, the Court approved a class action settlement in Moomjy pursuant to which certain HQ Sustainable shareholders received $2.75 million in exchange for the release of all claims. By a separate order, the Court approved class counsel's request for attorney's fees of $495,000. The parties successfully argued that class counsel had performed extensive work for the benefit of the class and had expended time and resources developing the

ORDER PRELIMINARILY APPROVING
DERIVATIVE SETTLEMENT

case and convincing defendants that they were prepared to pursue the securities claims through trial. Of particular relevance here, the parties asserted that the $2.75 million settlement fund was obtained through the efforts of class counsel and that the $495,000 fee award represented only 18% of the settlement fund, well below the 25% benchmark established by the Ninth Circuit. No mention was made of the impact of the pending derivative actions on the settlement negotiations, nor was the Court notified that the parties anticipated a subsequent request for attorney's fees related to the same settlement fund.

Nevertheless, on May 7, 2013, plaintiffs in the above-captioned matter requested preliminary approval of a settlement that conferred no additional benefits on HQ Sustainable or its shareholders but awarded derivative counsel an additional $612,500 in attorney's fees. The Court directed the parties to show cause why the settlement should not be rejected because the proposed fee award is unreasonable. Having reviewed the parties' submissions, the remainder of the record in this case, and the settlement papers submitted in the related securities action, Moomjy v. HQ Sustainable Maritime Industries, Inc., C11-0726RSL, the Court finds as follows:

Pursuant to Fed. R. Civ. P. 23.1(c), "a derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval." The Court finds that settlement of the pending derivative suits as part of a global settlement is appropriate. Public policy favors the negotiated resolution of disputes, and the Court is satisfied that the proposed settlement is the result of an arms-length process involving experienced and knowledgeable counsel who took into consideration the strength of the securities and derivative cases, the resources available to HQ Sustainable, the risks posed by continuing litigation, and the benefits to be obtained through a global settlement. In re AOL Time Warner Shareholder Derivative Litigation, C02-6302(SWK), 2006 WL 2572114, at *2-3 (S.D.N.Y. Sept. 6, 2006).

Having preliminarily approved the settlement of the above-captioned matter,[1] the Court will defer ruling on the extent to which derivative counsel are entitled to attorney's fees. Plaintiffs assert that they are entitled to an award of attorney's fees under the "substantial benefit doctrine." The doctrine applies where a derivative action was prosecuted not only nominally, but actually, on the corporation's behalf, resulting in the creation of a monetary fund or other substantial benefit for all shareholders, not just the named plaintiffs. In such circumstances, equity requires that the corporation pay the expenses of obtaining the benefit so that non-participating shareholders are not unjustly enriched at plaintiffs' expense. See Dover Historical Soc., Inc. v. City of Dover Planning Comm'n, 902 A.2d 1084, 1090 (Del. S. Ct. 2006); In re Oracle Sec. Litig., 852 F. Supp. 1437, 1445 (N.D. Cal. 1994); Interlake Porsche & Audi, Inc. v. Bucholz, 45 Wn. App. 502, 609-10 (1986). The fact that the parties have negotiated a fee of $612,500 is not binding on the Court: an award of fees in this context arises in equity, and the amount must be fair and reasonable in light of the benefit conferred on HQ Sustainable and its shareholders. Krasner v. Dreyfus Corp., 90 F.R.D. 665, 674-75 (S.D.N.Y. 1981).

At this point, the Court does not have enough information to determine whether counsel are entitled to compensation under the "substantial benefit doctrine," much less the amount of such compensation. Plaintiffs vaguely suggest that the pendency of the derivative claims put certain insurance funds in play that would not otherwise have been available to fund

---

[1] The Court's preliminary approval is subject to the following caveat. Rule 23.1(c) states that "[n]otice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders." The proposed order preliminarily approving the derivative settlement requires HQ Sustainable to publish a single notice of settlement on the PR Newswire. While such notice is likely to reach the investment and financial news community, the derivative actions were filed on behalf of HQ Sustainable and its shareholders. The parties do not explain why they have eschewed notice by mail to shareholders, as was done in Moomjy. Given that the shareholders will be bound by the proposed settlement and there is no reason to believe that they cannot be readily identified, the Court finds that the proposed form of notice is not reasonably calculated to reach interested persons and will therefore require notice by mail in addition to the publication on PR Newswire.

ORDER PRELIMINARILY APPROVING
DERIVATIVE SETTLEMENT                -3-

1  the global settlement, but no evidence is provided to substantiate that hypothesis.  The parties in
2  Moomjy represented that the $2.75 million settlement fund was the result of class counsels'
3  efforts in the securities litigation, with no mention of the importance of the derivative actions or
4  their counsel.  While the Court is willing to assume that defendants and their insurers insisted
5  that the derivative actions be wrapped into a global settlement in order to afford defendants
6  complete relief, there is no reason to assume that the settlement amount increased as a result of
7  the pending derivative actions.  Even if the Court were to assume that the pendency of the
8  derivative actions prompted defendants and their insurers to offer some additional funds to
9  achieve a global settlement, what portion of the $2.75 million fund can be attributed to these
10 actions is unknown.

11         As for the reasonableness of the proposed fee award, plaintiffs will have to prove
12 that $612,500 is an appropriate amount of compensation based on the benefit that has actually
13 been conferred on HQ Sustainable and its shareholders by these derivative suits.  The two
14 common approaches to determining a fair and reasonable fee award in derivative suits that give
15 rise to a monetary fund for the benefit of the corporation are the "percentage-of-recovery" or
16 lodestar methods.  Oracle Securities Litig., 852 F. Supp. at 1449.  The record is currently
17 insufficient to justify the requested award under either method.

18         Assuming plaintiffs are able to show that the pendency of the derivative suits
19 generated some benefit to the corporation but are unable to identify the portion of the $2.75
20 million fund that is directly attributable to these suits, they will have to justify a global fee award
21 of over 40% of the recovery, well above the 25% benchmark used in the Ninth Circuit.  See In re
22 Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 945 (9th Cir. 2011).  If, on the other hand,
23 plaintiffs are able to establish the portion of the settlement fund that became available because of
24 the pendency of these suits, they will have to show that $612,500 is a reasonable percentage of
25 that recovery.
26

ORDER PRELIMINARILY APPROVING
DERIVATIVE SETTLEMENT                      -4-

With regards to the lodestar method, the only data provided by the parties is the bald assertion that plaintiffs' co-lead counsel spent over 800 hours litigating the federal derivative action at an effective hourly rate of over $450.  The Court is unable to ascertain whether either the number of hours spent or the hourly rate are reasonable.  This action was filed on May 31, 2011, and stayed less than six months later.  The only substantive work appearing in the record involved (a) a motion to dismiss that turned on legal issues and (b) unsuccessful requests to compel discovery.  Discovery in the Washington state court derivative actions was stayed on September 12, 2011.  Eight hundred hours of attorney time (the equivalent of twenty weeks of full-time employment) seems excessive based on the existing record.  The Court has virtually no information regarding the other factors to be considered in the lodestar analysis.

For all of the foregoing reasons, it is hereby ORDERED[2] that:

The proposed settlement in the above-captioned matter is preliminarily approved, subject to the concerns raised in this Order and further consideration at the Settlement Hearing described below.

A hearing (the "Settlement Hearing") shall be held before the undersigned on September 19, 2013 at 10:00 am to determine:  (i) whether the terms and conditions of the Settlement set forth in the Stipulation are fair, reasonable, and adequate to HQ Sustainable and its shareholders and should be finally approved by the federal court; (ii) whether a final order and judgment approving the Settlement, substantially in the form of Exhibit A to the Stipulation of Settlement, should be entered; and (iii) whether the negotiated fee award of $612,500 should be finally approved.

Within ten (10) business days of the date of this Order, HQ Sustainable shall cause

---

[2] All capitalized terms contained herein shall have the same meanings as set forth in the Stipulation of Settlement (Dkt. # 74-1).

the Notice of Pendency and Proposed Settlement of Shareholder Action, substantially in the form of Exhibit B to the Stipulation of Settlement, to be published one time on the PR Newswire. In addition, within forty-five days of the date of this Order, the parties shall cause the Notice of Pendency and Proposed Settlement of Shareholder Action, substantially in the form of Exhibit B to the Stipulation of Settlement, to be mailed to all current shareholders of HQ Sustainable. The Court finds that such notice meets the requirements of due process and is the best notice practicable under the circumstances.

All papers in support of the Settlement, the proposed Fee Award, and the Incentive Awards shall be filed in the above-captioned matter at least twenty-eight (28) days prior to the Settlement Hearing. Any responsive papers shall be filed at least seven (7) days prior to the Settlement Hearing.

Any current HQ Sustainable shareholder may object to the Settlement, the proposed Fee Award, and/or the Incentive Awards and/or appear at the Settlement Hearing if he, she, or it has any reason why the Settlement should not be finally approved as fair, reasonable, and adequate, or why the Final Order and Judgment should not be entered, or why the Fee Award or Incentive Awards should not be finally approved. If a current HQ Sustainable shareholder intends to object or appear as set forth in this paragraph, the shareholder must, at least fourteen days prior to the Settlement Hearing, file in the above-captioned matter a written objection to or concern regarding the Settlement including the nature of the objection, any documentation in support thereof, and whether the shareholder intends to appear at the Settlement Hearing. Any shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and may be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, the Fee Award, or the Incentive Awards as set forth in the Stipulation, but shall otherwise be bound by the Final Order and Judgment to be entered and the releases to be given.

1	At least fourteen (14) days prior to the Settlement Hearing, the parties shall file
2 proof, by affidavit or declaration, of the publication and mailing of the Notice of Pendency and
3 Proposed Settlement of Shareholder Action.

4	Neither the Stipulation (including any exhibits attached hereto) nor the Settlement,
5 nor any act performed or document executed pursuant to or in furtherance of the Stipulation or
6 the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used
7 in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the
8 validity of any of Plaintiffs' Released Claims, or (ii) is or may be construed against Plaintiffs or
9 Defendants as an admission or concession that the consideration to be given under the
10 Stipulation represents the amount which could be or would have been recovered after trial.

11	The Court reserves the right to adjourn the date of the Settlement Hearing or
12 modify any other dates set forth herein without further notice to current HQ Sustainable
13 shareholders, and retains jurisdiction to consider all further applications arising out of or
14 connected with the Settlement.  The Court may approve the Settlement, Fee Award, or Incentive
15 Awards and any of their terms, with such modifications as it deems appropriate, following the
16 Settlement Hearing without further notice to current HQ Sustainable shareholders.

18	Dated this 20th day of June, 2013.

		Robert S. Lasnik
		United States District Judge

ORDER PRELIMINARILY APPROVING
DERIVATIVE SETTLEMENT                  -7-