The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

Lead Case No. C11-910 RSL

In re HQ SUSTAINABLE MARITIME
INDUS., INC. DERIVATIVE LITIGATION

**FINAL ORDER
AND JUDGMENT**

This document relates to:  ALL ACTIONS

This matter came before the Federal Court for hearing pursuant to the Federal Court's Order Preliminarily Approving Derivative Settlement and Providing for Notice, dated June 20, 2013 (the "Preliminary Approval Order"), on the application of the Parties for final approval of the settlement set forth in the Stipulation of Settlement dated May 6, 2013 (the "Stipulation"). Due and adequate notice having been given to Current HQSM Shareholders as required in said Preliminary Approval Order, and the Federal Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Order and Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

FINAL ORDER AND JUDGMENT
No. C11-910 RSL

- 1 -

2.      This Federal Court has jurisdiction over the subject matter of the Federal Derivative Action, including all matters necessary to effectuate the Settlement, and over all Parties.

3.      The Federal Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Parties, finds that the Securities Action Settlement provides substantial benefits to HQSM and Current HQSM Shareholders, and finds that the pendency of the Federal Derivative Action was a substantial factor in achieving the Securities Action Settlement.

4.      The Federal Derivative Action, all claims contained therein, and Plaintiffs' Released Claims are hereby ordered as compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Final Order and Judgment.  As among Plaintiffs, HQSM, and the Individual Defendants, the Parties are to bear their own costs, except as otherwise provided in the Stipulation and this Final Order and Judgment.

5.      Plaintiffs' Released Persons shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all of Plaintiffs' Released Claims against Individual Defendants' Released Persons.

6.      Individual Defendants and Individual Defendants' Released Persons are forever enjoined and permanently barred from instituting, commencing or prosecuting against Plaintiffs and/or Plaintiffs' Released Persons any of Individual Defendants' Released Claims as well as any claims arising out of, relating to, or in connection with the institution, prosecution, assertion, defense, settlement, or resolution of the Federal Derivative Action.

7.      Upon the Effective Date, HQSM, Plaintiffs (individually and derivatively on behalf of HQSM), and Current HQSM Shareholders (solely in their capacity as HQSM Shareholders) shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Plaintiffs' Released Claims (including Unknown Claims) and any and all claims arising out of, relating to, or in

1 connection with the Settlement or resolution of the Federal Derivative Action against the

2 Released Parties.  Nothing herein shall in any way impair or restrict the rights of any Party to

3 enforce the terms of the Stipulation.

4        8.     Upon the Effective Date, Individual Defendants and Individual Defendants'

5 Released Persons shall be deemed to have, and by operation of this Final Order and Judgment

6 shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and

7 Plaintiffs' Released Persons from all claims, arising out of, relating to, or in connection with

8 their institution, prosecution, assertion, settlement, or resolution of the Federal Derivative Action

9 or Plaintiffs' Released Claims.  Nothing herein shall in any way impair or restrict the rights of

10 any Party to enforce the terms of the Stipulation.

11        9.     The Federal Court finds that the Notice to Current HQSM Shareholders by mail

12 and by publication on PR Newswire provided the best notice practicable under the circumstances

13 of these proceedings and of the matters set forth therein, including the Settlement set forth in the

14 Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements

15 of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

16       10.     Within five (5) days following the entry of this Final Order and Judgment, the

17 Washington State Plaintiffs and Defendants will jointly apply to the Washington State Court to

18 have the Washington State Derivative Action dismissed with prejudice.

19       11.     Within five (5) days following the entry of this Final Order and Judgment, the

20 Delaware State Plaintiff and Defendants will jointly apply to the Delaware State Court to have

21 the Delaware State Derivative Action dismissed with prejudice.

22       12.     The Federal Court finds that the Incentive Awards are fair and reasonable as

23 requested, in accordance with the Stipulation, and finally approves the Incentive Awards.

24       13.     The Parties negotiated the amount of attorney's fees to be awarded class counsel

25 as a term of the Stipulation and thus conditioned the merits settlement upon judicial approval of

26 the agreed-upon fee.  The Parties neither utilized the regular common fund procedure (in which

27 the Court has control over the entire settlement fund and determines the allocation of that fund as

28

FINAL ORDER AND JUDGMENT
No. C11-910 RSL

between counsel and their clients) nor attempted to justify the fee request using the traditional lodestar analysis.  In such circumstances:

> the obvious risk arises that plaintiffs' lawyers will be induced to forego a fair settlement for their clients in order to gain a higher award of attorneys' fees.  That risk is, if anything, exacerbated where, as here, the agreement provides for payment of fees by the defendant, as in a statutory fee-shifting situation, but the parties choose to justify the fee as coming from a putative common fund.  Where that is the case, courts have to be alert to the possibility that the parties have adopted this hybrid course precisely because the fee award is in fact higher than could be supported on a statutory fee-shifting basis, yet the deal is so dependent upon class counsel receiving a greater-than-lodestar amount of fees that the parties were not willing to give the court supervisory discretion to determine the distribution of the total settlement package between counsel and the class.

Staton v. Boeing Company, 327 F.3d 938, 970-71 (9th Cir. 2003).  The Court must, therefore, conduct a searching inquiry to ensure that the proposed fee award is reasonable and that the inherent tensions among the class' interest in maximizing benefits, defendants' interests in minimizing the costs of the total settlement package, and class counsels' interests in fees result in a balanced and fair settlement.  Id., at 972 n.22.

The settlement process that resolved the Federal Derivative Action also resolved three other related actions.  If the Court were to utilize the percentage recovery method usually used to evaluate fee awards in a common fund situation, the Court would compare the total fees paid to counsel in all four litigations with the total benefits obtained by the class and HQSM as a result of the settlement of all four actions.  Plaintiffs' Counsel, in conjunction with counsel in the securities action, negotiated a payment of $2,750,000 to plaintiffs plus an additional $612,500 in fees and costs related to the derivative actions.[1]  The gross benefit of $3,362,500 is compared to fees of $1,076,750 ($495,000 in the securities action and $581,750 in the Federal Derivative

---

[1]  At the Final Approval Hearing held on September 19, 2013, plaintiffs' counsel represented that the fees and costs associated with the derivative actions were $581,750 and $30,750 respectively.  The fees and costs in the Federal Securities Action ($495,000 and $56,838.69 respectively) were taken out of the $2,750,000 settlement fund.  C11-0726RSL, Dkt. # 156 at 3.  Because there is no evidence regarding the costs of sending notices to the classes in any of the litigations, that "benefit" has not been considered in these calculations.

1    Action, the Washington State Court Derivative Action, and the Delaware State Derivative

2    Action) for a fee award that constitutes 32% of the benefits conferred on the class.  Although

3    higher than the 25% benchmark favored by the Ninth Circuit (see Hanlon v. Chrysler Corp., 150

4    F.3d 1011, 1029 (9th Cir. 1998)), the complexity of this international commercial dispute, the

5    expense of prosecuting four separate actions in four separate venues, and the difficulties of

6    reaching a universal settlement with so many participants all support a higher percentage award

7    than would normally be allowed.

8           The Ninth Circuit has expressed a strong preference for evaluating the fairness of fee

9    awards that are negotiated and settled along with the merits of the case under a straight lodestar

10   method, with no multiplier.  Staton, 327 F.3d at 972.  The Court is unable to perform such an

11   analysis:  the parties have not presented evidence regarding the hourly rates and hours charged

12   by the Delaware attorneys, they have not justified hourly rates that are far above those charged in

13   the community, and they have not provided billing records of sufficient detail to allow an inquiry

14   into the reasonableness of the overall time spent on the various tasks described in counsels'

15   declarations (Dkt. # 86).  The Court is nevertheless confident in the fairness of an attorney's fee

16   award of $581,750 for all three derivative suits because (a) that amount corresponds to an overall

17   fee award of 32% which, as stated above, the Court has found to be reasonable given the

18   circumstances, (b) despite their relative stakes in this litigation and receipt of direct notice of the

19   proposed settlement, no class member has filed an opposition to the fee award, and (c) an

20   experienced and independent mediator acknowledged the contributions of the Federal Derivative

21   Action to the overall success achieved by plaintiffs in the four actions.

22          Recognizing the flexibility parties have in negotiating class action settlement agreements

23   and having thoroughly evaluated the proposed fee award with due consideration of the risk of

24   self-dealing and the need to protect the absent class members' interests, the Federal Court finds

25   that the Fee Award is fair and reasonable as requested, in accordance with the Stipulation, and

26   finally approves the Fee Award.

27

28

FINAL ORDER AND JUDGMENT
No. C11-910 RSL                                        - 5 -

14.     Neither the Stipulation (including any exhibits attached hereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of Plaintiffs' Released Claims, or of any fault, wrongdoing or liability of any of the Parties, Plaintiffs' Counsel, Individual Defendants' Counsel, HQSM's Counsel, Individual Defendants' Released Persons or Plaintiffs' Released Persons; (ii) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, any fault, omission, wrongdoing or liability of any of the Parties, Plaintiffs' Counsel, Individual Defendants' Counsel, HQSM's Counsel, Individual Defendants' Released Persons or Plaintiffs' Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (iii) is or may be construed against Plaintiffs or Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

15.     The Parties, Plaintiffs' Counsel, Individual Defendants' Counsel, HQSM's Counsel, Individual Defendants' Released Persons and Plaintiffs' Released Persons may file the Stipulation and/or the Final Order and Judgment in any action that may be brought, or has been brought, against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.     Without affecting the finality of this Final Order and Judgment in any way, the Federal Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) the Parties for the purpose of construing, enforcing, and administering the Stipulation, including, if necessary, setting aside and vacating this Final Order and Judgment, on motion of a Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

1    17.    This Final Order and Judgment is a final, appealable judgment and should be

2  entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58.

3        IT IS SO ORDERED.

4

5  DATED:  September 26, 2013.

6

7

8                                        _____
                                         HONORABLE ROBERT S. LASNIK
9                                        UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL ORDER AND JUDGMENT
No. C11-910 RSL                          - 7 -